# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
AL QUARLES, JR.               :
                              :  CIVIL ACTION
          Plaintiff           :
                              :
     vs.                      :  NO. 17-CV-3212
                              :
NETFLIX, INC., ET. AL.,       :
                              :
          Defendants          :
```

## ORDER

AND NOW, this   11th   day of December, 2017, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 15) and Plaintiff's Response in Opposition thereto, it is hereby ORDERED that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) is DENIED without prejudice to Defendants' right to re-file following the expiration of a brief discovery period of thirty days, commencing from the entry date of this Order.[1]

---

[1] In considering motions to dismiss under Rule 12(b)(6), the district courts must "accept as true the factual allegations in the complaint" and "all reasonable inferences that can be drawn therefrom." Erickson v. Pardus, 551 U.S. 89, 94. 127 S. Ct. 2197, 2200, 167 L. Ed.2d 929 (2007); Krantz v. Prudential Investments Fund Management, 305 F.3d 140, 142 (3d Cir. 2002); Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000).  In so doing, the courts must consider whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, 949 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

---

     Under Fed. R. Civ. P. 12(b)(2), the defense of insufficient personal jurisdiction may be raised by likewise filing a motion for dismissal.  Should that occur, the plaintiff bears the burden of establishing the court's jurisdiction over the moving defendant(s) by affidavits or other competent evidence.  If the court does not hold an evidentiary hearing on the motion, the plaintiff need only establish a prima facie case of personal jurisdiction. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).  Moreover, "it is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true and is to construe disputed facts in favor of the plaintiff."  Metcalfe, supra, quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003).  Nevertheless, where a defendant challenges a court's exercise of personal jurisdiction in a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  Turner v. Gaskins, No. 17-2001, 694 Fed. Appx. 64, 2017 U.S. App. LEXIS 14563 (August 8, 2017)(quoting Mellon Bank (East) PSFS, Nat'l Ass'n. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992); Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir.  2009); Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002); Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).

     Jurisdiction, of course, may be general or specific in nature.  D'Jamoos v. Pilatus Aircraft, Ltd., 566 F.3d 94, 102 (3d Cir. 2009).  General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities.  Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).  In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court" in that forum."  Id., quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) and Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co., 75 F.3d 147, 151 n.3 (3d Cir. 1996). For specific jurisdiction, due process necessitates the plaintiff show: (1) that the defendant "purposefully directed its activities at the forum;" (2) "the litigation arises out of relates to at least one of those activities;" and (3) that the exercise of jurisdiction "otherwise comports with fair play and substantial justice."  Allaham v. Naddaf, No. 15-2575, 635 Fed. Appx. 32, 39, 2015 U.S. App. LEXIS 21989 (3D Cir. Dec. 17, 2015)(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed.2d 528 (1985), Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed.2d 404 (1984) and O'Connor v. Sandy Lane Hotel Co., 486 F.3d 312, 317 (3d Cir. 2007)).  In intentional tort cases such as this one arguably is, "the proper focus of the 'minimum contacts' inquiry" is "the relationship among the defendant, the forum, and the litigation," and "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."  Walden v. Fiore, 134 S. Ct. 1115, 1125, 188 L. Ed.2d 12 (2014)(quoting Calder v. Jones, 465 U.S. 783, 788, 104 S. Ct. 1482, 1486,79 L. Ed.2d 804 (1984)).  "Mere injury to a forum resident is not a sufficient connection to the forum.... The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."  Id.

     Here Plaintiff alleges that Defendants infringed his copyright-protected books "Burning Sands - My Brother's Keeper" and "Burning Sands - Hell 2 Pay" in writing and producing the Netflix Movie "Burning Sands."  To establish copyright infringement, two elements must be proven: (1) ownership of a valid

```
                              BY THE COURT:



                              s/J. Curtis Joyner
                              J. CURTIS JOYNER,      J.
```

---

copyright, and (2) copying of constituent elements of the work that are original. Feist Publications, Inc. v. Rural Telephone Service Company, Inc., 499 U.S. 338, 361, 111 S. Ct. 1282, 1296, 113 L. Ed.2d 358 (1991). That the copying occurred without the authorization of the copyright owner is axiomatic. See, Leonard v. Stemtech International, Inc., 834 F.3d 376, 386-387 (3d Cir. 2016)("To prove direct copyright infringement, a plaintiff must show that (1) it owns a valid copyright; (2) another party copied elements of its work without authorization; and (3) that party engaged in volitional conduct"). Copying may be demonstrated by showing that the defendant had access to the copyrighted work and that the original and the allegedly infringing works share substantial similarities. Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 207-208 (3d Cir. 2005)(citing Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 291 (3d Cir. 1991)); Dam Things from Denmark, a/k/a Troll Co. ApS v. Russ Berrie & Co., Inc., 290 F.2d 548, 561 (3d Cir. 2002). A court compares the allegedly infringing work with the original work and considers whether a lay observer would believe that the copying was of protectable aspects of the copyrighted work. Jackson v. Booker, No. 11-3400, *5, 465 Fed. Appx. 163, 165, 2012 U.S. App. LEXIS 3024 (3d Cir. Feb. 13, 2012); Dam Things From Denmark, 290 F.3d at 562. "This inquiry involves distinguishing between the author's expression and the idea or theme that he or she seeks to convey or explore, because the former is protected and the latter is not." Winstead v. Jackson, No. 11-3771, 509 Fed. Appx. 139, 2013 U.S. App. LEXIS 869 (3d Cir. Jan. 2, 2013)(quoting Kay Berry, 421 F.3d at 208); Jackson v. Booker, supra. Thus, an author may base his work on the same inspiration as that of an earlier work, but he may not "copy the copy." Kay Berry, 421 F.3d at 208.

   Here, Plaintiff annexes copies of his copyright registrations to his response to the Motion to Dismiss and it is thus clear that the Burning Sands books are properly copyrighted. Further, after reading both of Plaintiff's books and viewing the Defendants' movie, this Court finds enough similarities between the two works to warrant the taking of further discovery and we therefore deny Defendants' motion to dismiss under Rule 12(b)(6).

   Because it is a much closer call with regard to the 12(b)(2) portion of Defendants' motion to dismiss the individual defendants, both of whom are California residents with virtually no connections to Pennsylvania, we believe it best to permit the parties a brief, thirty-day window in which to take limited discovery and supplement the record as to whether or not Defendants Berg and McMurray "purposefully directed" their activities to and/or availed" themselves of this forum by allegedly copying Plaintiff's protected work and disseminating it through Netflix. At the conclusion of that limited discovery period, the said Defendants may re-file their motion seeking dismissal on the basis of inadequate personal jurisdiction, if appropriate.